## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NOE DIAZ, DANIEL LOZADA, BRIAN FAULKNER, JOSEPH GALLO, JEFFREY CROCKER, JR., and STEVEN WEYEL<br>　　　　PLAINTIFFS,<br><br>V.<br><br>TORRINGTON CAR CARE, LLC, WATERBURY CAR CARE, LLC, DANBURY CAR CARE, LLC, RYELOU, LLC, RYAN SCHMITZ and DANIEL MENNILLO<br>　　　　DEFENDANTS | : : : : : : : : : : : : : : | CIVIL ACTION NO:<br><br><br><br><br><br><br><br><br><br><br><br>SEPTEMBER 13, 2016 |

## COMPLAINT

**I.  INTRODUCTION**

1.  This is an action for compensatory damages, liquidated damages, penalty damages and attorney's fees brought pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201 *et seq.* ("FLSA") and the Connecticut Minimum Wage Act, Conn. Gen. Stat. Section 31-58 *et seq.* ("CMWA").

**II.  JURISDICTION AND VENUE**

2.  This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. Section 1331.

3.  This Court has jurisdiction over Plaintiffs' CMWA claims pursuant to 28 U.S.C. Section 1367 since they are so related to the FLSA claims that they form part of the same case or controversy.

4.  Venue is proper in this district under 28 U.S.C. Section 1391 because the acts or omissions giving rise to the claims in this Complaint took place in this district.

**III.     PARTIES**

5.  Plaintiff, Noe Diaz ("Diaz"), is an individual residing in Waterbury, Connecticut.  At all times relevant to this Complaint, Diaz was an employee of Defendants, as that term is defined in the FLSA and CMWA.

6.  Plaintiff, Daniel Lozada ("Lozada"), is an individual residing in Naugatuck, Connecticut.  At all times relevant to this Complaint, Lozada was an employee of Defendants, as that term is defined in the FLSA and CMWA.

7.  Plaintiff, Brian Faulkner ("Faulkner"), is an individual residing in Plymouth, Connecticut.  At all times relevant to this Complaint, Faulkner was an employee of Defendants, as that term is defined in the FLSA and CMWA.

8.  Plaintiff, Joseph Gallo ("Gallo"), is an individual residing in Waterbury, Connecticut.  At all times relevant to this Complaint, Gallo was an employee of Defendants, as that term is defined in the FLSA and CMWA.

9.  Plaintiff, Jeffrey Crocker, Jr. ("Crocker"), is an individual residing in Northfield, Connecticut.  At all times relevant to this Complaint, Crocker was an employee of Defendants, as that term is defined in the FLSA and CMWA.

10. Plaintiff, Steven Weyel ("Weyel"), is an individual residing in Torrington, Connecticut.  At all times relevant to this Complaint, Weyel was an employee of Defendants, as that term is defined in the FLSA and CMWA.

11. Defendant, Torrington Car Care, LLC ("Torrington"), is a Connecticut LLC with a principal place of business located at 1420 East Main Street, Torrington, Connecticut.  At all times relevant to this Complaint, Torrington owned and operated a business known as

Platinum Car Wash and Oil Change in Torrington, Connecticut. At all times relevant to this Complaint, Torrington was the employer of Diaz, Lozada, Faulkner, Gallo, Crocker and Weyel, as that term is defined in the FLSA and CMWA.

12. Defendant, Waterbury Car Care, LLC ("Waterbury"), is a Connecticut LLC with a principal place of business located at 1161 Wolcott Street, Waterbury, Connecticut. At all times relevant to this Complaint, Waterbury owned and operated a business known as Platinum Car Wash and Oil Change in Waterbury, Connecticut. At all times relevant to this Complaint, Waterbury was the employer of Diaz, Lozada, Faulkner, Gallo, Crocker and Weyel, as that term is defined in the FLSA and CMWA.

13. Defendant, Danbury Car Care, LLC ("Danbury"), is a Connecticut LLC with a principal place of business located at 85 Newtown Road, Danbury, Connecticut. At all times relevant to this Complaint, Danbury owned and operated a business known as Platinum Car Wash and Oil Change in Danbury, Connecticut. At all times relevant to this Complaint, Danbury was the employer of Diaz, Lozada, Faulkner, Gallo, Crocker and Weyel, as that term is defined in the FLSA and CMWA.

14. Defendant, Ryelou, LLC ("Ryelou"), is a Connecticut LLC with a principal place of business located at 97 Waterbury Road, Prospect Connecticut. At all times relevant to this Complaint, Ryelou owned and operated a business known as Platinum Car Wash and Oil Change in Prospect, Connecticut. At all times relevant to this Complaint, Ryelou was the employer of Diaz, Lozada, Faulkner, Gallo, Crocker and Weyel, as that term is defined in the FLSA and CMWA.

15. Torrington, Waterbury, Danbury and Ryelou constitute a unified operation.

16. Torrington, Waterbury, Danbury and Ryelou constitute a common enterprise.

17. Torrington, Waterbury, Danbury and Ryelou have interrelated operations.

18. Torrington, Waterbury, Danbury and Ryelou have common management.

19. Torrington, Waterbury, Danbury and Ryelou have common ownership.

20. Torrington, Waterbury, Danbury and Ryelou have centralized control of labor relations.

21. Torrington, Waterbury, Danbury and Ryelou share employees, including but not limited to Diaz, Lozada, Faulkner, Gallo, Crocker and Weyel.

22. Torrington, Waterbury, Danbury and Ryelou advertise as a single integrated enterprise on their website, http://www.platinumcarwashandoil.com (last accessed on September 13, 2016).

23. Torrington, Waterbury, Danbury and Ryelou advertise as a single integrated enterprise on their Facebook page, https://www.facebook.com/platinumcarwashandoil (last accessed on September 13, 2016).

24. Torrington, Waterbury, Danbury and Ryelou advertise as a single integrated enterprise on their Twitter account, https://www.twitter.com/PlatinumCarWash (last accessed on September 13, 2016).

25. Torrington, Waterbury, Danbury and Ryelou constitute an integrated enterprise.

26. Torrington, Waterbury, Danbury and Ryelou constitute a single employer for purposes of the FLSA and CMWA.

27. At all times relevant to this Complaint. Torrington, Waterbury, Danbury and Ryelou have maintained control, oversight and direction over employees, including but not limited to Diaz, Lozada, Faulkner, Gallo, Crocker and Weyel.

28. Defendant, Ryan Schmitz ("Schmitz"), is the owner and/or principal of Torrington, Waterbury, Danbury and Ryelou.

29. Defendant, Daniel Mennillo ("Mennillo"), is the owner and/or principal of Torrington, Waterbury, Danbury and Ryelou.

30. At all times relevant to this Complaint, Mennillo and Schmitz were the individuals within Torrington, Waterbury, Danbury and Ryelou with the ultimate and exclusive authority to set the hours of employment and to pay the wages of Diaz, Lozada, Faulkner, Gallo, Crocker and Weyel, and their exercise of that authority was the direct cause of Defendants' failure to pay wages as set forth below. Accordingly, Schmitz and Mennillo were the employers of Diaz, Lozada, Faulkner, Gallo, Crocker and Weyel, as that term is defined in the FLSA and CMWA.

IV. FACTS

31. Defendants employed Diaz, Lozada, Faulkner, Gallo, Crocker, Weyel and Santiago as a "Manager" at one or more of Defendants' locations.

32. Defendants scheduled Diaz, Lozada, Faulkner, Gallo, Crocker, Weyel and Santiago to work, and they did work, 50 or more hours per week, but did not pay them overtime premium pay for the hours that they worked beyond 40 per week.

33. Defendants knew that Diaz, Lozada, Faulkner, Gallo, Crocker, Weyel and Santiago were working 50 or more hours per week, as Defendants required them to "punch in" and "punch out" on Defendants' computer system each day.

34. For example, in the week of June 4 through June 10, 2015, Defendants scheduled Diaz to work, and he did in fact work, more than 50 hours.

35. For example, in the week of February 4 through February 10, 2016, Defendants scheduled Lozada to work, and he did in fact work, more than 50 hours.

36. For example, in the week of December 11 through December 17, 2014, Defendants scheduled Faulkner to work, and he did in fact work, more than 50 hours.

37. For example, in the week of November 13 through November 19, 2014, Defendants scheduled Gallo to work, and he did in fact work, more than 50 hours.

38. For example, in the week of June 2 through June 8, 2016, Defendants scheduled Crocker to work, and he did in fact work, more than 50 hours.

39. For example, in the week of June 23 through June 29, 2016, Defendants scheduled Weyel to work, and he did in fact work, more than 50 hours.

40. Each of these weeks was typical of each of the Plaintiffs' work weeks during the periods that they were employed by Defendants as "managers."

41. Defendants classified Diaz, Lozada, Faulkner, Gallo, Crocker and Weyel as exempt "executives" and denied them overtime pay.

42. Defendants required Diaz, Lozada, Faulkner, Gallo, Crocker and Weyel to spend far less than half their time managing.

43. Defendants subjected Diaz, Lozada, Faulkner, Gallo, Crocker and Weyel to close and direct supervision.

44. Defendants paid Diaz, Lozada, Faulkner, Gallo, Crocker and Weyel little more than Defendants' exempt workers.

45. While Defendants gave Diaz, Lozada, Faulkner, Gallo, Crocker and Weyel the title of "manager," in fact, they performed few true management duties and instead their real and

primary function was to perform non-exempt duties, such as changing oil, servicing automobiles, washing and drying automobiles and selling services, all according to specific instructions given to them by their superiors, and performing other non-managerial duties.

**V.    COUNT ONE – VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT**

46. Based on the foregoing, Defendants' conduct in this regard was a willful violation of the FLSA, in that Defendants knew or should have known that Diaz, Lozada, Faulkner, Gallo, Crocker and Weyel were entitled to be paid one-and-one-half times their regular rate of pay for all hours worked in excess of forty per week, but failed to do so.

47. Accordingly, Diaz, Lozada, Faulkner, Gallo, Crocker and Weyel are entitled to compensation at one–and-one-half times their regular rate of pay for all hours worked in excess of forty per week, liquidated damages, attorneys' fees and court costs, pursuant to 29 U.S.C. Section 216(b).

**VI.   COUNT TWO – VIOLATION OF THE OVERTIME PROVISIONS OF THE CONNECTICUT MINIMUM WAGE ACT**

48. Based upon the foregoing, Defendants' conduct in in failing to pay Diaz, Lozada, Faulkner, Gallo, Crocker and Weyel one and one-half times their hourly rate of pay for all hours over 40 per week violates the Connecticut Minimum Wage Act, Conn. Gen. Stat. Section 31-58, *et seq*.

49. Accordingly, Diaz, Lozada, Faulkner, Gallo, Crocker and Weyel are entitled to compensation at one–and-one-half times their regular rate of pay for all hours worked in

excess of forty per week, penalty damages, attorneys' fees and court costs, pursuant to

Conn. Gen. Stat. Section 31-68.

**VII.   DEMAND FOR RELIEF**

Plaintiffs claim:

a. Unpaid overtime wages under the FLSA and CMWA;

b. Liquidated damages under the FLSA;

d. Penalty damages under CMWA;

e. Interest and costs;

f. Attorneys' fees under the FLSA and CMWA; and

g. Such other and further relief as the Court deems just and equitable.

Plaintiffs, NOE DIAZ, DANIEL LOZADA, BRIAN FAULKNER, JOSEPH GALLO, JEFFREY CROCKER, JR., and STEVEN WEYEL

By: *Anthony J. Pantuso, III*
Anthony J. Pantuso, III
Fed. Bar No. ct11638
The Hayber Law Firm, LLC
900 Chapel Street, Suite 620
New Haven, CT 06510
(203) 691-6491
(860) 218-9555 (facsimile)
apantuso@hayberlawfirm.com
Attorneys for the Plaintiffs