# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **NOE DIAZ, DANIEL LOZADA, BRIAN FAULKNER, JOSEPH GALLO and JEFFREY CROCKER, JR.,** | : : : : | **CIVIL ACTION NO:** **3:16-CV-01544 (WWE)** |
| **PLAINTIFFS,** | : : | |
| **V.** | : : | |
| **TORRINGTON CAR CARE, LLC, WATERBURY CAR CARE, LLC, DANBURY CAR CARE, LLC, RYELOU, LLC, RYAN SCHMITZ and DANIEL MENNILLO** | : : : : : | |
| **DEFENDANTS** | : | **NOVEMBER 22, 2016** |

## AMENDED COMPLAINT

**I.  INTRODUCTION**

1.  This is an action for compensatory damages, liquidated damages, penalty damages and attorney's fees brought pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201 *et seq.* ("FLSA") and the Connecticut Minimum Wage Act, Conn. Gen. Stat. Section 31-58 *et seq.* ("CMWA").

**II.  JURISDICTION AND VENUE**

2.  This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. Section 1331.

3.  This Court has jurisdiction over Plaintiffs' CMWA claims pursuant to 28 U.S.C. Section 1367 since they are so related to the FLSA claims that they form part of the same case or controversy.

4.  Venue is proper in this district under 28 U.S.C. Section 1391 because the acts or omissions giving rise to the claims in this Complaint took place in this district.

**III.    PARTIES**

5.  Plaintiff, Noe Diaz ("Diaz"), is an individual residing in Waterbury, Connecticut. At all times relevant to this Complaint, Diaz was an employee of Defendants, as that term is defined in the FLSA and CMWA.

6.  Plaintiff, Daniel Lozada ("Lozada"), is an individual residing in Naugatuck, Connecticut. At all times relevant to this Complaint, Lozada was an employee of Defendants, as that term is defined in the FLSA and CMWA.

7.  Plaintiff, Brian Faulkner ("Faulkner"), is an individual residing in Plymouth, Connecticut. At all times relevant to this Complaint, Faulkner was an employee of Defendants, as that term is defined in the FLSA and CMWA.

8.  Plaintiff, Joseph Gallo ("Gallo"), is an individual residing in Waterbury, Connecticut. At all times relevant to this Complaint, Gallo was an employee of Defendants, as that term is defined in the FLSA and CMWA.

9.  Plaintiff, Jeffrey Crocker, Jr. ("Crocker"), is an individual residing in Northfield, Connecticut. At all times relevant to this Complaint, Crocker was an employee of Defendants, as that term is defined in the FLSA and CMWA.

10. Defendant, Torrington Car Care, LLC ("Torrington"), is a Connecticut LLC with a principal place of business located at 1420 East Main Street, Torrington, Connecticut. At all times relevant to this Complaint, Torrington owned and operated a business known as Platinum Car Wash and Oil Change in Torrington, Connecticut. At all times relevant to this Complaint, Torrington was the employer of Diaz, Lozada, Faulkner, Gallo and Crocker, as that term is defined in the FLSA and CMWA.

11. Defendant, Waterbury Car Care, LLC ("Waterbury"), is a Connecticut LLC with a principal place of business located at 1161 Wolcott Street, Waterbury, Connecticut. At all times relevant to this Complaint, Waterbury owned and operated a business known as Platinum Car Wash and Oil Change in Waterbury, Connecticut. At all times relevant to this Complaint, Torrington was the employer of Diaz, Lozada, Faulkner, Gallo and Crocker, as that term is defined in the FLSA and CMWA.

12. Defendant, Danbury Car Care, LLC ("Danbury"), is a Connecticut LLC with a principal place of business located at 85 Newtown Road, Danbury, Connecticut. At all times relevant to this Complaint, Danbury owned and operated a business known as Platinum Car Wash and Oil Change in Danbury, Connecticut. At all times relevant to this Complaint, Torrington was the employer of Diaz, Lozada, Faulkner, Gallo and Crocker, as that term is defined in the FLSA and CMWA.

13. Defendant, Ryelou, LLC ("Ryelou"), is a Connecticut LLC with a principal place of business located at 97 Waterbury Road, Prospect Connecticut. At all times relevant to this Complaint, Ryelou owned and operated a business known as Platinum Car Wash and Oil Change in Prospect, Connecticut. At all times relevant to this Complaint, Torrington was the employer of Diaz, Lozada, Faulkner, Gallo and Crocker, as that term is defined in the FLSA and CMWA.

14. Torrington, Waterbury, Danbury and Ryelou constitute a unified operation.

15. Torrington, Waterbury, Danbury and Ryelou constitute a common enterprise.

16. Torrington, Waterbury, Danbury and Ryelou have interrelated operations.

17. Torrington, Waterbury, Danbury and Ryelou have common management.

18. Torrington, Waterbury, Danbury and Ryelou have common ownership.

19. Torrington, Waterbury, Danbury and Ryelou have centralized control of labor relations.

20. Torrington, Waterbury, Danbury and Ryelou share employees, including but not limited to Diaz, Lozada, Faulkner, Gallo and Crocker.

21. Torrington, Waterbury, Danbury and Ryelou advertise as a single integrated enterprise on their website, http://www.platinumcarwashandoil.com (last accessed on September 13, 2016).

22. Torrington, Waterbury, Danbury and Ryelou advertise as a single integrated enterprise on their Facebook page, https://www.facebook.com/platinumcarwashandoil (last accessed on September 13, 2016).

23. Torrington, Waterbury, Danbury and Ryelou advertise as a single integrated enterprise on their Twitter account, https://www.twitter.com/PlatinumCarWash (last accessed on September 13, 2016).

24. Torrington, Waterbury, Danbury and Ryelou constitute an integrated enterprise.

25. Torrington, Waterbury, Danbury and Ryelou constitute a single employer for purposes of the FLSA and CMWA.

26. At all times relevant to this Complaint. Torrington, Waterbury, Danbury and Ryelou have maintained control, oversight and direction over employees, including but not limited to Diaz, Lozada, Faulkner, Gallo and Crocker.

27. Defendant, Ryan Schmitz ("Schmitz"), is the owner and/or principal of Torrington, Waterbury, Danbury and Ryelou.

28. Defendant, Daniel Mennillo ("Mennillo"), is the owner and/or principal of Torrington, Waterbury, Danbury and Ryelou.

29. At all times relevant to this Complaint, Mennillo and Schmitz were the individuals within Torrington, Waterbury, Danbury and Ryelou with the ultimate and exclusive authority to set the hours of employment and to pay the wages of Diaz, Lozada, Faulkner, Gallo and Crocker, and their exercise of that authority was the direct cause of Defendants' failure to pay wages as set forth below. Accordingly, Schmitz and Mennillo were the employers of Diaz, Lozada, Faulkner, Gallo and Crocker, as that term is defined in the FLSA and CMWA.

## IV. FACTS

30. Defendants employed Diaz, Lozada, Faulkner, Gallo and Crocker as a "Manager" at one or more of Defendants' locations.

31. Defendants scheduled Diaz, Lozada, Faulkner, Gallo and Crocker to work, and they did work, 50 or more hours per week, but did not pay them overtime premium pay for the hours that they worked beyond 40 per week.

32. Defendants knew that Diaz, Lozada, Faulkner, Gallo and Crocker were working 50 or more hours per week, as Defendants required them to "punch in" and "punch out" on Defendants' computer system each day.

33. For example, in the week of June 4 through June 10, 2015, Defendants scheduled Diaz to work, and he did in fact work, more than 50 hours.

34. For example, in the week of February 4 through February 10, 2016, Defendants scheduled Lozada to work, and he did in fact work, more than 50 hours.

35. For example, in the week of December 11 through December 17, 2014, Defendants scheduled Faulkner to work, and he did in fact work, more than 50 hours.

36. For example, in the week of November 13 through November 19, 2014, Defendants scheduled Gallo to work, and he did in fact work, more than 50 hours.

37. For example, in the week of June 2 through June 8, 2016, Defendants scheduled Crocker to work, and he did in fact work, more than 50 hours.

38. Each of these weeks was typical of each of the Plaintiffs' work weeks during the periods that they were employed by Defendants as "managers."

39. Defendants classified Diaz, Lozada, Faulkner, Gallo and Crocker as exempt "executives" and denied them overtime pay.

40. Defendants required Diaz, Lozada, Faulkner, Gallo and Crocker to spend far less than half their time managing.

41. Defendants subjected Diaz, Lozada, Faulkner, Gallo and Crocker to close and direct supervision.

42. Defendants paid Diaz, Lozada, Faulkner, Gallo and Crocker little more than Defendants' exempt workers.

43. While Defendants gave Diaz, Lozada, Faulkner, Gallo and Crocker the title of "manager," in fact, they performed few true management duties and instead their real and primary function was to perform non-exempt duties, such as changing oil, servicing automobiles, washing and drying automobiles and selling services, all according to specific instructions given to them by their superiors, and performing other non-managerial duties.

### V.     COUNT ONE – VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

44.     Based on the foregoing, Defendants' conduct in this regard was a willful violation of the FLSA, in that Defendants knew or should have known that Diaz, Lozada, Faulkner, Gallo and Crocker were entitled to be paid one-and-one-half times their regular rate of pay for all hours worked in excess of forty per week, but failed to do so.

45.     Accordingly, Diaz, Lozada, Faulkner, Gallo and Crocker are entitled to compensation at one–and-one-half times their regular rate of pay for all hours worked in excess of forty per week, liquidated damages, attorneys' fees and court costs, pursuant to 29 U.S.C. Section 216(b).

### VI.     COUNT TWO – VIOLATION OF THE OVERTIME PROVISIONS OF THE CONNECTICUT MINIMUM WAGE ACT

46.     Based upon the foregoing, Defendants' conduct in in failing to pay Diaz, Lozada, Faulkner, Gallo and Crocker one and one-half times their hourly rate of pay for all hours over 40 per week violates the Connecticut Minimum Wage Act, Conn. Gen. Stat. Section 31-58, *et seq*.

47.     Accordingly, Diaz, Lozada, Faulkner, Gallo and Crocker are entitled to compensation at one–and-one-half times their regular rate of pay for all hours worked in excess of forty per week, penalty damages, attorneys' fees and court costs, pursuant to Conn. Gen. Stat. Section 31-68.

**VII.    DEMAND FOR RELIEF**

Plaintiffs claim:

a.    Unpaid overtime wages under the FLSA and CMWA;

b.    Liquidated damages under the FLSA;

d.    Penalty damages under CMWA;

e.    Interest and costs;

f.    Attorneys' fees under the FLSA and CMWA; and

g.    Such other and further relief as the Court deems just and equitable.

    Plaintiffs, NOE DIAZ, DANIEL LOZADA,
    BRIAN FAULKNER, JOSEPH GALLO,
    and JEFFREY CROCKER, JR.

    By: *Anthony J. Pantuso, III*
    Anthony J. Pantuso, III
    Fed. Bar No. ct11638
    The Hayber Law Firm, LLC
    900 Chapel Street, Suite 620
    New Haven, CT 06510
    (203) 691-6491
    (860) 218-9555 (facsimile)
    apantuso@hayberlawfirm.com
    Attorneys for the Plaintiffs

## **CERTIFICATION OF SERVICE**

I hereby certify that on **November 22, 2016**, a copy of the **Amended Complaint** was filed electronically [and service made by mail to anyone unable to accept electronic filing]. Notice of this filing will be sent by email to all parties by operation of the Courts electronic filing system [or by mail for anyone unable to accept electronic filing].  Parties may access this filing through the Courts system.

                                                                    */s/Anthony J. Pantuso, III*
                                                                       Anthony J. Pantuso, III